J-A20044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HEATHER A. FOTOPOULOS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES F. FOTOPOULOS | |
| Appellant | No. 354 EDA 2015 |

Appeal from the Order of December 31, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No.: 2010-FC-0234

BEFORE:  DONOHUE, J., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED AUGUST 10, 2015**

James F. Fotopoulos ("Husband") appeals the December 31, 2014 memorandum and order that awarded Heather A. Fotopoulos ("Wife") attorney fees and costs from a prior appeal by Husband.  We vacate that order.

On February 20, 2013, the trial court conducted an abbreviated custody hearing because Wife was planning to move from the shared marital residence.  The trial court and the parties wanted a custody order in place when Wife moved.  At the end of the day of testimony, the trial court entered an interim custody order with the intention of conducting additional hearings to permit the parties to complete the record so that the court could produce a final custody order.  ***See*** Notes of Testimony ("N.T."), 2/20/2013, at 284.

Husband appealed the interim custody order. After receiving the notice of appeal, the trial court entered an order for the court reporter to produce a transcript by April 2, 2013. When the transcript was not filed by April 2, Husband filed a petition with the trial court to hold the court reporter in contempt. The trial court dismissed the petition without a hearing. Husband appealed that order as well.

The two appeals were listed consecutively with this Court for oral argument. After argument, on November 13, 2013, this Court quashed Husband's appeal of the interim custody order because it was not a final appealable order. *H.A.F. v. J.F.F.*, 773 EDA 2013, slip op. at 3 (Pa. Super. Nov. 13, 2013). We also denied Wife's request for counsel fees in connection with that appeal. On November 22, 2013, this Court quashed Husband's appeal of the dismissal of his contempt petition. Again, we determined that the order was not a final appealable order. *H.A.F. v. J.F.F.*, 1756 EDA 2013, slip op. at 5 (Pa. Super. Nov. 22, 2013).

On December 6, 2013, Wife filed a motion with this Court for costs and damages. On December 12, 2013, we denied Wife's motion without prejudice to pursue the costs and fees in the trial court. On December 30, 2013, Wife sought counsel fees and costs from the trial court. On March 11, 2014, Wife filed a petition for counsel fees and costs associated with the appeal of the order denying Husband's petition for contempt. On August 13, 2014, the trial court heard argument on Wife's petitions. On December 31, 2014, in a memorandum and order, the trial court awarded Wife counsel

fees and costs associated with Husband's appeal of the interim custody order. The court awarded Wife $12,803.00 in connection with the appeal.

On January 27, 2015, Husband filed a notice of appeal. On January 29, 2015, the trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 18, 2015, Husband filed a concise statement. On March 19, 2015, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a), in which the court adopted its December 31, 2014 memorandum.

Husband presents three issues for our review:

A. Did the court below err in awarding costs and counsel fees under Pa.R.A.P. 2742-2744 based on its finding that [Husband's] appeal was frivolous, since only the appellate court has the authority to determine that an appeal is frivolous?

B. Did the court below abuse its discretion in awarding counsel fees to [Wife] where there was no finding that [Husband] engaged in conduct in the lower court which was dilatory, obdurate or vexatious?

C. Did the court below err in not holding an evidentiary hearing regarding the reasonableness of counsel fees, and abuse its discretion in awarding an amount for time spent in a separate appeal wherein the lower court denied the petition for fees?

Husband's Brief at 5.

Husband argues that the trial court incorrectly awarded fees because the appellate rules provide that only the appellate court may conclude that an appeal is frivolous. Husband asserts that, because this Court denied Wife's petition, the trial court did not have the authority to award fees.

- 3 -

Husband's Brief at 8-9. Wife responds that the trial court was acting in accordance with this Court's order that permitted Wife to pursue costs and fees in the trial court. Wife's Brief at 5.

Rule 2744 provides that:

In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including

(1) a reasonable counsel fee and

(2) damages for delay at the rate of 6% per annum in addition to legal interest,

if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744.

In a case in which the trial court awarded counsel fees for obdurate, vexatious, and dilatory conduct pursuant to 42 Pa.C.S.A. § 2503(7) and fees and costs incurred during an appeal of the trial court's order pursuant to Rule 2744, we stated:

The trial court is not the proper authority to determine whether an appeal from its ruling is frivolous, taken solely for delay or whether the appellant's conduct is dilatory, obdurate or vexatious with respect to that appeal. The appellate court is the appropriate body to make such a ruling after an examination of the facts in light of the arguments and briefs of the parties. It is only where the appellate court makes such a finding that the case may be remanded to the trial court upon order of the appellate court for a calculation of fees. No such order was entered by the Superior Court in the prior appeal, perhaps because [the plaintiff] never sought such a ruling. Thus, it was

> improper for the trial court to award [the plaintiff] the costs of its attorney fees incurred in the prior appeal.

*Mellon Bank, N.A. v. Druzisky*, 800 A.2d 955, 958 (Pa. Super. 2002).  We affirmed the trial court's imposition of attorney's fees pursuant to section 2503 for the conduct while the case was before the trial court.  We vacated the award of fees associated with the appeal for the reasons cited above. *Id.*

The trial court does not have authority to award costs and fees pursuant to Rule 2744 unless this Court makes a finding that the appeal is frivolous and remands to the trial court for calculation of the damages. Here, we made no finding that Husband's appeal was frivolous.  Instead, this Court denied Wife's petition for costs and fees and permitted Wife to seek relief in the trial court.  This Court could not remand for consideration of costs and fees in the trial court unless we found the appeal to be frivolous. Because we did not make such a finding, it was error to permit Wife to pursue those fees in the trial court.  However, we cannot say that the denial of Wife's motion and the discretion exercised in declining to find Husband's appeal to be frivolous was "clearly erroneous" such that we would be permitted to invoke an exception to the coordinate jurisdiction rule.  Further, because Wife is not precluded from seeking fees in the trial court for actions in that court pursuant to section 2503, there was no manifest injustice. *See Zane v. Friends Hosp.*, 836 A.2d 25, 30 (Pa. 2003) ("[W]hile a judge must in most circumstances defer to the prior decision of another judge of

coordinate jurisdiction, he or she is not required to do so in the limited and exceptional situation in which, *inter alia,* the prior judge's order is clearly erroneous and would result in a manifest injustice."). Therefore, the trial court simply did not have the authority to award costs and fees in connection with the appeal. We must vacate the court's order awarding fees and costs pursuant to Rule 2744.

Husband next argues that there was no basis upon which the trial court could have awarded fees pursuant to section 2503 because the trial court did not make the necessary findings. Husband's Brief at 9-11. Section 2503(7) states that the trial court may award counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7).

Although Wife sought counsel fees pursuant to this section in her petitions, it is clear from the trial court's order and opinion that the trial court awarded fees solely upon the basis of Rule 2744. The trial court does not mention section 2503 or make any finding that Husband's conduct was dilatory, obdurate or vexatious. Because this was not a basis for Wife's award, this issue is moot and we express no opinion as to whether the trial court would have erred had it based its award upon section 2503(7).

Finally, Husband argues that the trial court erred by not holding an evidentiary hearing regarding the reasonableness of the costs and fees submitted by Wife. In light of our decision to vacate the order on other grounds, this issue also is moot.

Order vacated.  Jurisdiction relinquished.

Judge Donohue joins the memorandum.

Judge Shogan notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2015