J-A03018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CONSTANCE WILSON ANDRESEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID A. ODY, ODY & WILSON, | : | No. 1037 MDA 2020 |
| SCOTT GILL, PETER M. | : | |
| MCMANAMON, GILL MCMANAMON & | : | |
| GHANER, PALMER REALTY, KEVIN E. | : | |
| AND IRMA DETWILER, AND RONALD | : | |
| DETWILER | : | |

Appeal from the Order Entered July 14, 2020,
in the Court of Common Pleas of Huntingdon County,
Civil Division at No(s): 2015-1651.

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM PER CURIAM: **FILED JANUARY 27, 2021**

Constance Wilson Andresen files this *pro se* appeal from the trial court's order granting summary judgment in favor of Appellees, dismissing her complaint with prejudice, and dismissing and striking a *lis pendens* she filed against a parcel of real property. In response to the filing of this appeal, Appellee Ronald Detwiler requests an award of counsel fees pursuant to Pa.R.A.P. 2744. We quash Andresen's appeal, but remand so that the trial court may determine a reasonable amount of attorney fees to be awarded to Appellee Ronald Detwiler.

The pertinent facts and procedural history, as gleaned from the trial court's opinion and findings, as well as our review of the record, may be

summarized as follows:  This case involves an approximate 43-acre parcel of real property located in Clay Township, Huntingdon County.  By deed dated August 18, 2008, Thomas R. Wilson and Appellee Ronald Detwiler sold the real estate in question to Kevin and Irma Detwiler for $128,000.00.  Appellee Ronald Detwiler is Wilson's nephew.  Andresen is Wilson's daughter.[1]

On August 17, 2010, Wilson filed a writ of summons against Ronald, Kevin, and Irma Detwiler.  The case remained inactive for several years.  On September 30, 2014, Andresen filed documents on Wilson's behalf as his attorney-in-fact.  Although a complaint was never filed, other documents entered on the docket indicated that Andresen attempted to challenge the transfer of the property based upon multiple claims, including undue influence and fraud.  On March 30, 2015, the trial court dismissed Wilson's lawsuit for failure to file a complaint.  In a judgment order entered on December 8, 2015, this Court dismissed Andresen's appeal, and, on May 3, 2016, our Supreme Court denied Andresen's petition for allowance of appeal.  ***See Wilson v. Detwiler***, 135 A.3d 653 (Pa. Super. 2015), *appeal denied*, 141 A.3d 482 (Pa. 2016).

On July 12, 2017, Andresen filed the complaint at issue against multiple parties including the Detwilers, as well as the attorney and law firm who represented her in the 2010 action (David A. Ody, and Ody & Wilson), the

---

[1] According to Andresen, Wilson died on February 4, 2020.

attorney and law firm who had previously prepared powers of attorney for Andresen and her relatives (Gill McManamon and McManamon & Ghaner), and the realtor involved in the real estate transaction (Palmer Realty).[2]  Among the claims raised in this complaint, Andresen averred that Appellees Kevin and Irma Detwiler's deed to the property at issue was invalid because it was obtained via elder abuse and fraud committed by them, as well as Appellee Ronald Detwiler.

Appellee Ronald Detwiler filed preliminary objections to the complaint.[3] On September 29, 2017, the trial court granted Appellee Ronald Detwiler's preliminary objections and directed Andresen to file an amended complaint within sixty days.

Andresen filed an amended *pro se* complaint on November 22, 2017.[4] Appellee Ronald Detwiler filed and answer and new matter.  Among the defenses he alleged in new matter was the claim that Andresen's action was

---

[2] Our review of the docket entries in this case reveal that Andresen has filed a plethora of responses and/or motions as to each Appellee.  In summarizing the procedural history, we highlight only those filings most relevant to the instant appeal.

[3] All of the other Appellees at different times filed preliminary objections.  In subsequent orders, these objections were sustained and all Appellees other than the Detwilers were dismissed as parties.

[4] As stated by the trial court, in addition to the claims she raised previously, Andresen raised "an all-encompassing conspiracy among lawyers, law firms, real estate firms, banks, notaries and people's spouses . . . to facilitate the Detwilers' fraudulent scheme to obtain the property."  Opinions and Findings, 7/14/20, at 3 n.1.

barred by the applicable statute of limitations. For their part, Kevin and Irma Detwiler filed a motion to strike a *lis pendens* Andresen had entered against the property.

On July 6, 2018, Appellee Ronald Detwiler filed a motion to stay the case because the Pennsylvania State Police had filed various criminal charges against Andresen based on purportedly forged documents that she filed in the case. On July 16, 2018, the trial court granted the motion.

This case was stayed pending the resolution of the criminal charges filed against Andresen. Ultimately, Andresen was found guilty of one count of barratry,[5] and the trial court sentenced her to a $250.00 fine. **See** Opinion and Findings, 7/14/20, at 6.

On December 12, 2019, Andresen filed a motion to lift the stay in this case and proceed with discovery. The trial court lifted the stay on February 10, 2020. On March 10, 2020, Detwiler filed a motion for summary judgment, arguing that Andresen's barratry conviction included an admission that this case was unjustified and vexatious. This motion also requested counsel fees and costs.

By order entered July 14, 2020, the trial court granted Appellee Ronald Detwiler's motion for summary judgment because Andresen's fraud action was

---

[5] **See** 18 Pa.C.S.A. § 5109 (providing, "[a] person is guilty of a misdemeanor of the third degree if he [or she] vexes others with unjust and vexatious suits)."

barred by the applicable statute of limitations.[6]  In addition, the trial court dismissed and struck from the record the *lis pendens* Andresen had filed. Finally, the trial court awarded Appellee Ronald Detwiler attorney's fees and costs in the amount of $7,834.00, and awarded Appellees Kevin and Irma Detwiler attorney's fees and costs in the amount of $5,006.25.

Following the entry of this order, Andresen filed multiple documents including a motion for reconsideration and a motion seeking to compel discovery.  The trial court denied all of these motions.  This timely appeal followed.  Both Andresen and the trial court have complied with Pa.R.A.P. 1925.

Andresen presents sixteen "questions" on appeal.  **See** Andresen's Brief at 7-9.  Before attempting to address any of these claims, we make the following observations.  First, with regard to Andresen's *pro se* brief, we note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure.  Pa.R.A.P. 2101.  If the defects in the brief are "substantial, the appeal or other matter may be quashed or dismissed."  **Id.**  This Court has stated:

> [A]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status generally confers no

---

[6] Contrary to one of Andresen's main claims throughout her brief, the trial court did not grant summary judgment based upon her barratry conviction. Rather, the trial court used this conviction to conclude Andresen's "civil suit [was] unjust and a vexatious proceeding."  Opinion and Findings, 7/14/20, at 7 (footnote omitted).

special benefit upon an appellant. ***Commonwealth v. Maris***, 427 Pa. Super. 566, 629 A.2d 1014, 1017 n.1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.*** This Court may quash or dismiss an appeal if an appellate fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***, Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.2d 768, 776-77 (Pa. Super. 2014) (citations omitted).

Second, Pennsylvania Rule of Appellate Procedure 2111(a) mandates that the brief of the appellant "shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of Jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b), or an

averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12) The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a). Citing the above rules, this Court has explained that we "will not consider the merits of an argument, which fails to cite relevant case or statutory authority. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012); *see also Commonwealth v. Sanford*, 445 A.2d 149 (Pa. Super. 1982).

Although Andresen attempts to structure her brief to comply with the Rule 2111(a) requirements, multiple shortcomings therein have hampered effective appellate review. *See Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942 (Pa. Super. 2006); *Sanford*, *supra*. For instance, while her brief contains a paragraph entitled "Basis of Appellate Jurisdiction," it does not contain citation to proper authority, and her brief lacks a proper statement of the applicable standard and scope of review. *See* Andresen's Brief at 7.

In addition, Andresen's statement of the order in question appears nowhere in her brief, the argument portion of her brief cites no pertinent case law or statutory authority, and her argument is not "divided into as many parts as there are questions to be argued. *See* Pa.R.A.P. 2119(a). Indeed, Andresen presents no relevant argument regarding the basis for the trial

court's grant of summary judgment—that the applicable statute of limitation bars her 2017 complaint.

Our reading of Andresen's brief readily establishes that she misapprehends the Superior Court's role as an appellate court. Considered in its entirety, Andresen's brief consists of no more than a rambling, and at times repetitive, discourse of complaints and allegations of conspiracy involving many parties, including the trial court, the Detwilers, and their counsel, to reach what she believes was an unjust result.

This Court's appellate function is to correct legal errors made by the trial court. It is not our duty or even our prerogative to give *pro se* litigants a "do over," based upon their ignorance of the judicial system or our Rules of Appellate Procedure. As noted above, our appellate rules provide that, if defects in a brief are substantial, then we may quash the appeal. **Freedland**, **supra**; **Sanford**, **supra**. We do so now, because the defects in Andresen's p*ro se* brief are substantial.

As a final matter, in his brief, Appellee Ronald Detwiler requests an award of additional attorney's fees he expended for defending this appeal, because it is "frivolous" and Andresen's conduct has been "dilatory, obdurate or vexatious." Pa.R.A.P. 2744. "The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule." *Id.* In support of this claim, Appellee Ronald Detwiler asserts:

> As in the trial court, [Andresen] has presented a staggering volume of documents to this Court, including 89 pages of material that supposedly constitutes her brief and

reproduced record. These documents are hard to follow at best, generally completely confusing, and clearly designed to bury this Court and the Appellees under their sheer weight, in hopes of granting [Andresen] a victory due to the surrender of her opponents. Additionally, [Andresen] filed a truly astonishing volume of documents in the trial court after its award of [attorney's] fess to [Appellee Ronald] Detwiler.

Appellee Ronald Detwiler's Brief at 10-11. He then identifies each of these lengthy documents, and further states:

[Andresen's twenty page Rule 1925(b) Statement] seems to be little more than a listing of her grievances against the trial court for its various rulings on this case. Of note, this last filing includes what appears to be a non-precedential opinion of this Court on a civil case involving the trial court judge in a private matter completely unrelated to this case. Clearly, these documents have not been presented in good faith, but rather as a continuation of [Andresen's] pattern of unjust litigation and vexatiousness [sic]. Accordingly, this Court should award [Appellee Ronald] Detwiler his reasonable [attorney's] fees incurred in defending this frivolous appeal.

Appellee Ronald Detwiler's Brief at 11-12.

Our review of the appellate brief and voluminous reproduced record filed in this case supports Detwiler's characterization. Thus, although we quash Andresen's appeal, we conclude that her pursuit of it was "dilatory, obdurate or vexatious." Pa.R.A.P. 2744. We therefore remand this case so that the trial court may consider an award of reasonable attorney's fees to Appellee Ronald Detwiler pursuant to Rule 2744. **See generally**, **Mellon Bank, N.A. v. Druzisky**, 800 A.2d 955 (Pa. Super. 2002).

Appeal quashed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2021