**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| THOMAS W. OLICK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE ESTATE TO ANDREW OLICK, | : | No. 15 EDA 2023 |
| SR.; ANDREW OLICK, JR.; GERALYN | : | |
| OLICK; VICTORIA (OLICK) | : | |
| HALDERMAN; CASANDRA OLICK; | : | |
| MARGUERITE DIPPLE; AMANDA | : | |
| TOBAR; AND JOHN DOES | : | |

Appeal from the Order Entered September 6, 2022
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2020-07740

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:            **FILED OCTOBER 31, 2023**

Thomas Olick ("Olick") appeals *pro se* from the order sustaining the preliminary objections of the Estate of Andrew Olick, Sr., and others. (collectively "Appellees") and dismissing Olick's amended complaint.[1]  After review, we dismiss this appeal.

Because we resolve this appeal on procedural errors, a detailed factual history is not necessary.  Briefly, this matter originated in 2017 with a will

---

[1] The trial court observed that Olick filed three Complaints, all titled Amended Complaint.  Trial Court Opinion, 9/6/22, at 5.  The amended complaints were filed in September 2021, May 2022, and June 2022; all essentially made the same claims, though the latter two were more detailed. ***Id***.  The trial court noted that its decision on the preliminary objections effectively addressed all three complaints since they were virtually identical. ***Id***.

contest that Olick filed in Broward County, Florida, against the estate of Robert F. Browne. In 2018, Olick and Andrew Olick, Sr., executor of the Browne Estate, entered into a settlement agreement for Olick's claims, awarding Olick $50,000 and a Mariner statue. In May 2021, a Florida judge determined that the settlement agreement had been fully satisfied.

In July 2021, Olick filed a notice of claim against the Estate of Andrew Olick, Sr., also in Broward County Florida, claiming he was owed an additional $100,000 plus $24,000 in interest from the Browne Estate based on Andrew Olick, Sr.'s breach of the settlement agreement. In September 2021, Olick also filed a complaint against the Appellees in Northampton County, Pennsylvania, alleging claims related to a breach of the settlement agreement.[2]

The Appellees filed preliminary objections in the nature of demurrer on numerous grounds, including collateral estoppel and the pendency of a prior action (*lis pendens*). After Olick filed two amended complaints which were virtually identical to the first Amended Complaint, on September 3, 2022, the

---

[2] We note that Olick claims in his brief that he initiated an action in Pennsylvania in December 2020, and that he amended his complaint after the death of Andrew Olick, Sr. However, Olick did not file a reproduced record and a document from December 2020 does not appear in the record in this case.

trial court ultimately sustained the preliminary objections for collateral estoppel and *lis pendens* and dismissed Olick's action with prejudice.[3]

Olick filed this timely appeal.[4] Olick filed a Pennsylvania Rule of Appellate Procedure 1925(b) statement and a supplement; the trial court submitted its Rule 1925(a) opinion.

In this opinion, the trial court suggests that Olick's appeal should be dismissed because he failed to comply with Rule 1925(b). The court indicated that Olick's "statement is frivolous, confusing and far from concise." Trial Court Opinion, 1/27/23, at 3.

The Appellees also claim that Olick's appeal should be dismissed for failure to comply with the Pennsylvania Rules of Appellate Procedure. Appellees' Brief at 9. Specifically, they argue that Olick's brief is formatted incorrectly, several required components are missing, and the statement of questions involved is incoherent; most critically, they state that Olick failed to develop any legal arguments in support of the errors complained of on appeal. *Id.* at 10. Additionally, they note that Olick failed to file a reproduced record, which is required of all appellants. *Id.* at 9.

---

[3] Because it sustained the preliminary objections for collateral estoppel and *lis pendens*, the court did not address the remaining objections for legal insufficiency, gist of the action, punitive damages, the motion to strike for failure to conform to law or rule of court, the failure to attach the settlement agreement, and lack of personal jurisdiction against some of the Appellees.

[4] Olick originally filed this appeal with the Commonwealth Court, which transferred it to us.

Upon review of Olick's Rule 1925(b) statement, we agree with the trial court that it is woefully noncompliant. Where the trial court directs the appellant to file a concise statement of errors complained of on appeal, Rule 1925(b) provides that the statement shall "set forth only those errors that the appellant intends to assert ... [and] ... **concisely** identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(i), (ii) (emphasis added). Olick's purported 1925(b) statement and supplement are not specific and fail to set forth, cogently, any issues to be addressed. Further, a Rule 1925(b) statement should only identify the errors made by the trial court; it should not be a lengthy narrative of facts, procedural history, explanations, or arguments as Olick provides here in nearly 30 pages. **See** Pa. R.A.P. 1925(b)(4)(iv). "'Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent so as to permit the trial court to understand the specific issues being raised on appeal.'" **Satiro v. Maninno**, 237 A.3d 1145, 1150 (Pa. Super. 2020) (quoting **Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super. 2007)).

In addition to filing a noncompliant 1925(b) statement, Olick filed an appellate brief that fails to comply with several appellate rules. Initially, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also id.** at 2114–2119 (addressing specific requirements of each subsection of brief on appeal). "[I]t is an appellant's

duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (internal citation omitted). This court may quash or dismiss an appeal where the appellant presents the Court with a defective brief or reproduced record. ***See*** Pa.R.A.P. 2101.

Under Rule 2116, a brief must begin with a statement of the questions involved.[5] Pa.R.A.P. 2116(a). Like the 1925(b) statement, it "must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." ***Id***. Here, Olick's statement of questions involved does not set forth concisely any questions regarding specific errors he claimed the trial court made.

Under Rule 2111 (a)(3), Olick does not identify the correct scope and standard of review that an appellate court uses when reviewing an order sustaining preliminary objections.

Additionally, an appellant must provide a legal argument for each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). In the argument section of his brief, Olick

---

[5] Ideally, this statement of issues will mirror the 1925 (b) errors complained of on appeal and will identify 2-3 issues (and no more than 5), for the appellate court to review. The statement may contain fewer issues than the 1925(b) statement; after an appellant has reviewed the trial courts 1925(a) opinion, the appellant may choose to forego some issues on appeal. However, any issues identified in the statement of issues that were not included in the 1925(b) statement are waived, for failure to raise them below.

fails to develop any meaningful legal argument or analysis. Other than general references to Pennsylvania and Florida statutes and the U.S. Constitution, he does not cite any relevant legal authority to support his arguments. He provides no legal analysis to persuade us that the trial court erred in sustaining the preliminary objections based on collateral estoppel and *lis pendens*. Instead, much of his brief recites his version of the facts, criticizes the procedure followed in Florida, and, with sweeping conclusions, reiterates that his claims of $100,000 and $24,000 in interest against the Browne Estate are valid and not covered by the settlement agreement. He also discusses whether some of the Appellees are subject to jurisdiction in Pennsylvania, which the trial court did not use as a basis to dismiss his most recent amended complaint.

Finally, Olick failed to provide a reproduced record in accordance with the appellate Rules. Pa.R.A.P. 2101, 2152, 2186.

We recognize that Olick's non-compliance may be due to his *pro se* status. However, this Court has consistently held that such status does not excuse an appellant from compliance with the Rules of Appellate Procedure.

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021 (cleaned up).  Moreover, this Court cannot act as Olick's counsel.[6]  ***See id.***

Olick's failure to comply with the Rules of Appellate Procedure has irreparably hampered our ability to review this matter.  His arguments are incoherent and a rambling mess.  Accordingly, Olick has waived appellate review of any challenge to the trial court's order sustaining the Appellees' preliminary objections and dismissing his complaint.  Consequently, we will exercise our discretion under Rule 2101 to dismiss Olick's appeal.

Further, we note that Appellees requested sanctions, based on Olick's filing of this appeal.  They contend that the appeal is frivolous, and that Olick has acted in a vindictively litigious and vexatious manner.  Appellees' Brief at 23.

Rule 2744 empowers an appellate court to grant reasonable attorneys' fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is

---

[6] We note that after Olick received the Appellees' brief, criticizing his lack of compliance with the appellate rules, he filed a motion for clarification, asking this Court to identify and explain which rules he failed to follow and to give him an opportunity to file an amended brief and reproduced record.  This we cannot do.  Thus, in our order of June 12, 2023, we denied these requests. Nonetheless, Olick attempted to file an amended brief and reproduced record. We grant the Appellees' motion to strike these documents, and we have not considered them in rendering this decision, other than to note that Olick states his non-compliance with the rules was due to his cancer diagnosis.  While we sympathize with his condition, as a neutral arbiter, we cannot excuse his failure to follow the rules on this basis.

dilatory, obdurate or vexatious." Pa.R.A.P. 2744. In determining the propriety of such an award, we are guided by the principle that an appeal is not frivolous simply because it lacks merit[; r]ather, it must be found that the appeal has no basis in law or fact." ***U.S. Claims, Inc. v. Dougherty***, 914 A.2d 874, 878 (Pa. Super. 2006) (imposing sanctions pursuant to Pa.R.A.P. 2744 based upon *pro se* appellant's undeveloped arguments on appeal and "total inability to produce any evidence" to support his claims). In such instances, this Court returns the case to the trial court for computation of an appropriate award. ***Mellon Bank, N.A. v. Druzisky***, 800 A.2d 955, 958 (Pa. Super. 2002); ***see also*** Pa.R.A.P. 2744.

Here, it appears that Olick was unhappy with the results of his Florida lawsuit and decided to try again in Pennsylvania, forcing the Appellees to fight a legal battle in two states. Despite the Pennsylvania trial judge dismissing his case on this basis, he nonetheless pursued this appeal. But this is more than just an appeal that has no merit.

Olick's verbose and incomprehensible documents and his complete failure to follow the rules and orders in this case render this appeal frivolous. Olick's failure to abide by any court rules forced the Appellees to spend time and money answering numerous repetitive and baseless documents and preparing a reproduced record, because Olick did not. Moreover, Olick's failure to abide by this Court's order prohibiting him from filing an amended brief and reproduced record forced the Appellees to file a motion to strike these documents. We therefore grant the Appellees' request for attorneys'

fees and costs relating to this appeal. We remand for further proceedings for the trial court to calculate and impose an award of reasonable counsel fees and costs incurred by the Appellees in defending this appeal. **See** Pa.R.A.P. 2744.

Motion to strike extraneous filings granted. Appeal dismissed. Order affirmed. Motion for sanctions granted. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2023